UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                          :
COLUMBIA GAS TRANSMISSION LLC,   :   CASE NO. 1:09-CV-2547
                                                          :
       Plaintiff,                          :
                                                          :
    v.                                         :   ORDER & OPINION
                                                          :   [Resolving Doc. No. 56.]
AVA CRAWFORD, *et al.*,                      :
                                                          :
       Defendants.                      :
                                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       The parties in this case have jointly moved for a protective order allowing them to limit public disclosure of information they designate as confidential. [Doc. 56.]

       The decision to grant a motion for a protective order is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Unwarranted secrecy of court documents hampers the public's ability to act as an important check on judicial integrity. *Brown & Williamson*, 710 F.2d at 1179; *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (noting that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party"). Thus, courts in the Sixth Circuit address protective order motions with a presumption in favor of public access to judicial records. *See, e.g., In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

       Moreover, the fact that all parties jointly seek a protective order does not overcome this presumption. *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against

Case No. 1:09-CV-2547
Gwin, J.

"abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

A successful protective order motion must show specifically that disclosure of particular information would cause serious competitive or financial harm. *See, e.g.*, Brown & Williamson, 710 F.2d at 1179-80.

Here, the parties fail to meet this standard. The proposed order submitted by the parties is overbroad and unspecific. The parties ask for blanket authority to designate documents as confidential that a party "determines in good faith to contain Confidential Information." [Doc. 56-1 at 1.] The parties have failed to show that public disclosure of any information might cause serious harm.

The parties are, of course, free to privately contract to limit disclosure of documents and information. And any party may move to seal individual documents—provided that they make the requisite particularized showing.

The Court thus **DENIES** the parties' joint motion for a proposed protective order. [Doc. 56.]

IT IS SO ORDERED.


Dated: March 17, 2010        s/      *James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE