UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
----------------------------------------------------
                                         :
COLUMBIA GAS TRANSMISSION LLC,  :
                                         :          CASE NO. 1:09-CV-02547
                    Plaintiff,           :
                                         :
        v.                               :          OPINION & ORDER
                                         :          [Resolving Doc. No. 53.]
AVA CRAWFORD, *et al.*,                   :
                                         :
                    Defendants.          :
                                         :
----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Columbia Gas Transmission LLC, the plaintiff in this Natural Gas Act case, has moved for a preliminary injunction granting it immediate access to natural gas storage easements beneath the defendants' properties.  [Doc. 53.]  Because Columbia Gas has not shown that it will be irreparably harmed absent a preliminary injunction, that the balance of the equities tips in its favor, or that an injunction is in the public interest, the Court DENIES its motion for a preliminary injunction.

A brief history of this controversy is necessary to understand Columbia Gas's preliminary injunction motion:  This action arose after Columbia Gas, a natural gas company, discovered that gas stored in its Richland County underground wells was allegedly seeping into neighboring wells.  [Doc. 1 at ¶ 26.]  Columbia Gas says that the gas produced from these neighboring wells contained a substantial percentage of its stored gas.  [Doc. 1 at ¶ 26.]  Consequently, Columbia Gas sued Interden Industries, Inc., the operator of the neighboring wells, for conversion of its stored gas.  That action is pending before Judge Oliver.

-1-

Case No. 1:09-CV-02547
Gwin, J.

In that case, Columbia Gas moved for a preliminary injunction ordering Interden to cease production from its adjacent wells.  *See* Order Denying Pl.'s Mot. for Prelim. Inj., *Columbia Gas Transmission Corp. v. Interden Indus., Inc.*, No. 1:08-cv-01493-SO (N.D. Ohio Mar. 23, 2009). Judge Oliver found that although Columbia Gas had demonstrated a likelihood of success on the merits, the other three elements relevant to the preliminary injunction inquiry—irreparable harm, harm to the non-moving party, and harm to the public interest—cut against granting the injunction and outweighed Columbia Gas's likelihood of success.  *Id.* at 8-13.  Judge Oliver thus denied the injunction.  *Id.* at 13.

After Judge Oliver denied its preliminary injunction motion, the Federal Energy Regulatory Commission a gave Columbia Gas a "Certificate of Public Convenience and Necessity" authorizing Columbia Gas to extend its storage reservoir and storage field protective boundaries by more than 3,000 acres—an area that includes Interden's wells.  [Doc. 54-1.]

Then, armed with the FERC certificate, Columbia Gas filed this action seeking to use eminent domain pursuant to § 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), to take the storage easements granted by the FERC certificate.  [Doc. 1.]

Now, Columbia Gas again asks for a preliminary injunction granting it immediate access to the storage easements and ordering the defendants to cease production from wells on those properties.  [Doc. 53.]  As the party seeking injunctive relief, Columbia Gas "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).

Columbia Gas argues that, notwithstanding Judge Oliver's denial of its earlier preliminary

Case No. 1:09-CV-02547
Gwin, J.

injunction motion, two intervening developments warrant a different outcome here. First, Columbia

Gas contends that, by authorizing it to condemn the easements, the FERC certificate guarantees that

it will succeed on the merits. [Doc. 54 at 9; Doc. 66 at 11.] The flaw in this argument is that Judge

Oliver likewise found that Columbia Gas had presented "persuasive evidence" and was thus likely

to succeed on the merits—yet he nevertheless denied the injunction because the other elements under

Rule 65 outweighed that likelihood of success. Order Denying Pl.'s Mot. for Prelim. Inj., *Columbia*

*Gas Transmission Corp.*, No. 1:08-cv-01493-SO, at 9. Thus, Columbia Gas's likelihood of success

argument, by itself, does not justify a different result here.

Second, Columbia Gas urges that FERC, in issuing the certificate of public necessity,

determined that Columbia Gas would suffer irreparable harm without immediate possession of the

easements. [Doc. 76 at 6.] That determination, Columbia Gas claims, collaterally estops the

defendants from relitigating the irreparable harm issue in this Court. [Doc. 76 at 6.]

This argument fails for two reasons. First, the FERC certificate in this case did not decide

the irreparable harm question at issue here—a requirement for invoking the doctrine of issue

preclusion. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *N.A.A.C.P.,*

*Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987) (necessary

element of collateral estoppel is that "the precise issue raised in the present case must have been

raised and actually litigated in the prior proceeding") (footnote omitted). The words "irreparable

harm" appear nowhere in the FERC certificate. Rather, FERC decided only whether sufficient

evidence of storage gas migration warranted an expansion of the protective boundaries of Columbia

Gas's storage field. [Doc. 54-1.]

Second, even if the FERC certificate had decided the irreparable harm issue, quasi-legislative

-3-

Case No. 1:09-CV-02547
Gwin, J.

administrative decisions—like the FERC certificate here—cannot serve as a final judgment for purposes of issue preclusion.  *See Panhandle E. Pipe Line Co. v. Fed. Power Comm'n, 236 F.2d 289, 292 (3d Cir. 1956)* (holding, in context of res judicata, that proceedings of FERC's predecessor agency culminating in issuance of certificate of public convenience and necessity were quasi-legislative and thus could not carry preclusive effect); *Second Taxing Dist. of City of Norwalk v. F.E.R.C., 683 F.2d 477, 484 (D.C. Cir. 1982)* (rate-making proceedings are quasi-legislative and thus have no issue preclusive effect).  Extending the doctrine of collateral estoppel to quasi-legislative administrative proceedings would hamstring agencies from refining their policy judgments over time.  *See Second Taxing Dist. of City of Norwalk, 683 F.2d at 484*.

Besides the FERC certificate, Columbia Gas presented the same evidence before Judge Oliver in support of its preliminary injunction motion.  [Doc. 75-1 at 35-40.]  This Court thus elects to follow Judge Oliver's thorough treatment of the issue and accordingly **DENIES** Columbia Gas's motion for a preliminary injunction.

Finally, in its preliminary injunction motion briefing, Columbia Gas claimed in passing that it is entitled to partial summary judgment on the condemnation issue, leaving only the issue of just compensation for trial.  [Doc. 54 at 7-8.]  Perhaps because that argument was not prominent in Columbia Gas's brief, or perhaps because responses to dispositive motions are not due until July 26, 2010, some of the defendants did not offer argument or evidence on that issue.  In any event, the Court declines to address Columbia Gas's entitlement to summary judgment on the condemnation issue at this time.  However, Columbia Gas is free to renew its motion for partial summary judgment

Case No. 1:09-CV-02547
Gwin, J.

on the issue, and the Court will decide that motion after receiving the defendants' opposition (if any).

IT IS SO ORDERED.


Dated: April 22, 2010                                    s/          *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE