UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                          :
COLUMBIA GAS TRANSMISSION LLC,  :
                                                          :      CASE NO. 1:09-CV-02547
            Plaintiff,                                :
                                                          :
      v.                                                :      OPINION & ORDER
                                                          :      [Resolving Doc. No. 29.]
AVA CRAWFORD, *et al.*,                    :
                                                          :
            Defendants.                          :
                                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Natural Gas Act condemnation case, Plaintiff Columbia Gas Transmission LLC moves to dismiss the trespass counterclaim asserted by Defendant Interden Industries, Inc. [Doc. 29.] For the reasons below, the Court denies Columbia Gas's motion to dismiss.

This action arose after Columbia Gas allegedly discovered that natural gas that it stored in its Richland County storage reservoir had escaped and was being produced by Interden's neighboring wells. [Doc. 1 at ¶ 26.] Columbia Gas successfully applied to the Federal Energy Regulatory Commission for a "Certificate of Public Convenience and Necessity" authorizing it to extend its storage reservoir and storage field protective boundaries by more than 3,000 acres—to an area that includes Interden's wells. [Doc. 1-8 (application); Doc. 1-9 (FERC certificate).] Columbia Gas then brought this action under the Natural Gas Act, 15 U.S.C. § 717f(h), to use the FERC certificate to condemn storage easements from the defendants. [Doc. 1.]

In its answer, Interden asserted a counterclaim for trespass, alleging that Columbia Gas's

-1-

Case No. 1:09-CV-02547
Gwin, J.

escaped gas had entered onto Interden's property without authorization, thereby causing damages to Interden. [Doc. 11 at 6-7.]

Columbia Gas now moves to dismiss that trespass counterclaim on three grounds. [Doc. 29-1.] First, Columbia Gas argues that the Natural Gas Act preempts state law claims for trespass. [Doc. 29-1 at 5-6.] The flaw in this argument is that Interden's counterclaim is for Columbia Gas's alleged trespass *before* Columbia Gas secured federal authorization (in the form of the July 2009 FERC certificate). *Compare Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement*, 747 F. Supp. 401, 402, 404 (N.D. Ohio 1990) (concluding that, where tract of land is within area covered by FERC certificate of public convenience and necessity, "Ohio has no power to regulate, directly or indirectly, [the] natural gas storage field").

Second, Columbia Gas contends that Interden failed to allege three essential elements of an Ohio trespass claim: lack of authority to enter the property, damages, and intent. [Doc. 29-1 at 7-9.] On the authorization element, Interden adequately alleged that Columbia Gas lacked authority, at least before Columbia Gas obtained the FERC certificate. [Doc. 11 at 6-7 ("2. . . . Plaintiff has entered upon Defendants' leasehold estate without authorization. 3. Plaintiff's unauthorized entry on Defendants' leasehold estate constitutes a trespass.").]

Similarly, Interden did allege damages, albeit generally. [Doc. 11 at 7 ("4. The trespass by Plaintiff upon Defendants' leasehold estate has damaged Defendants in amounts that will be determined at trial.").] Interden's theory of damages is that Columbia Gas's leaking gas displaced Interden's own gas. [Doc. 42 at 8-9.] That allegation is sufficient to survive a motion to dismiss.

On the issue of Columbia Gas's intent to enter the property, Ohio law allows trespass claims when the entry is intentional or negligent. *See Linley v. DeMoss*, 615 N.E.2d 631, 634 (Ohio Ct.

Case No. 1:09-CV-02547
Gwin, J.

App. 1992) ("The act of nonconsensual entry may be intentional or negligent."); *Apel v. Katz*, 697 N.E.2d 600, 607 (Ohio 1998) ("'A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue.'") (quoting *Linley*, 615 N.E.2d at 633). Interden alleged that Columbia Gas's entry was "intentional or grossly negligent." [Doc. 11 at 7.]

Thus, Columbia Gas's attacks on the sufficiency of Interden's trespass allegations fail.

Third, Columbia Gas claims that Federal Rule of Civil Procedure 71.1, which governs condemnation proceedings, does not permit a defendant to assert a counterclaim. [Doc. 45 at 2-3.] That Rule allows a defendant to answer the taking notice with its objections and defenses to the taking, Fed. R. Civ. P. 71.1(e)(2)(C), but states that "[n]o other pleading or motion asserting an additional objection or defense is allowed." Fed. R. Civ. P. 71.1(e)(3). Columbia Gas contends that counterclaims are within the scope of Rule 71.1(e)(3)'s ban on other pleadings.

Columbia Gas's argument fails because a counterclaim is not a "pleading" but rather a claim asserted within a "pleading"—like an answer, which Rule 71.1(e)(2) permits.[1/] *See* Fed. R. Civ. P.

---

[1/] *Washington Metropolitan Area Transit Authority v. Precision Small Engines*, 227 F.3d 224, 228 n.2 (4th Cir. 2000), cited by Columbia Gas, is not to the contrary. In that condemnation action, because the defendant failed to file an answer, Rule 71.1(e)(3)'s ban on other pleadings deprived the defendant of a procedural vehicle with which to assert its counterclaim. *Id.* at 228 n.2. Here, by contrast, Interden asserted its counterclaim in its properly filed answer. [Doc. 11.]

Columbia Gas also cites *Kansas Pipeline Co. v. 200 Foot by 250 Foot Piece of Land*, 210 F. Supp. 2d 1253 (D. Kan. 2002). In that case, the court erroneously assumed that a counterclaim is a "pleading or motion" and thus wrongly concluded that Rule 71.1(e)(3) disallowed the defendant's counterclaim. *Id.* at 1258. As explained above, a counterclaim is not a "pleading or motion," and thus Rule 71.1(e)(3) does not bar assertion of a counterclaim.

Finally, in *Franco v. National Capital Revitalization Corp.*, 930 A.2d 160 (D.C. 2007), the defendant did not challenge the lower court's ruling striking his counterclaims, and thus the Franco court did not purport to decide whether counterclaims are permitted in condemnation proceedings. *See id.* at 170. Moreover, the lower court in *Franco* was interpreting a local rule, not Federal Rule 71.1 (although the two are worded identically); hence, the persuasive authority of the lower court's decision is limited here. *See id.* at 170.

Case No. 1:09-CV-02547
Gwin, J.

7(a) (exhaustively listing allowable pleadings; "counterclaim" not listed); *see also* Fed. R. Civ. P. 13(b) ("A *pleading* may state *as a counterclaim* against an opposing party any claim that is not compulsory.") (emphasis added).

Hence, for the foregoing reasons, the Court DENIES Columbia Gas's motion to dismiss Interden's counterclaim.

IT IS SO ORDERED.


Dated: April 29, 2010							s/     *James S. Gwin*
									JAMES S. GWIN
									UNITED STATES DISTRICT JUDGE